******************************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

ROBERT STEVENSON *v.* COMMISSIONER
OF CORRECTION
(AC 47086)

Suarez, Westbrook and Keller, Js.

*Syllabus*

The petitioner, who had been convicted of felony murder, appealed after the denial of his petition for certification to appeal from the habeas court's judgment dismissing his petition for a writ of habeas corpus. The petitioner claimed that the court erred in raising the issue of whether good cause existed for trial pursuant to statute (§ 52-470 (b) (1)) before the pleadings were closed. *Held*:

The habeas court abused its discretion in denying the petitioner's petition for certification to appeal to this court, as the issue of whether the habeas court properly considered the issue of good cause under § 52-470 (b) (1) before the pleadings were closed was debatable among jurists of reason, a court could resolve the issue in a different manner and the question was adequate to deserve encouragement to proceed further.

The habeas court violated the petitioner's due process right to a fair trial when it considered whether good cause existed for a trial under § 52-470 (b) (1) prior to the close of the pleadings and while the petitioner still had an opportunity to amend his habeas petition, and, accordingly, the judgment was reversed and the case was remanded for further proceedings.

Argued November 13, 2024—officially released March 11, 2025

*Procedural History*

Petition for a writ of habeas corpus, brought to the Superior Court in the judicial district of Tolland, where the court, *Newson, J.*, rendered judgment dismissing the petition; thereafter, the court denied the petition for certification to appeal, and the petitioner appealed to this court. *Reversed*; *further proceedings*.

*Vishal K. Garg*, assigned counsel, for the appellant (petitioner).

*Linda F. Rubertone*, senior assistant state's attorney, with whom, on the brief, were *Sharmese L. Walcott*, state's attorney, and *Susan Campbell*, assistant state's attorney, for the appellee (respondent).

*Opinion*

SUAREZ, J. The petitioner, Robert Stevenson, appeals from the judgment of the habeas court dismissing his petition for a writ of habeas corpus for lack of good cause pursuant to General Statutes § 52-470 (b). The petitioner claims that the court improperly (1) denied his petition for certification to appeal and (2) raised the issue of good cause under § 52-470 (b) before the pleadings were closed.[1] We conclude that the court abused its discretion in denying the petition for certification to appeal and improperly dismissed the petition under § 52-470 (b) before the pleadings were closed. Accordingly, we reverse the judgment of the habeas court and remand the case to the habeas court for further proceedings consistent with this opinion.

The following undisputed procedural history is relevant to the claims raised on appeal. In September, 2014, the petitioner, then aged sixteen, was arrested and charged with felony murder among other offenses. In August, 2015, pursuant to a plea agreement reached with the state, the petitioner pleaded guilty to one count of felony murder in violation of General Statutes § 53a-54c. The court, *Alexander, J.*, canvassed the petitioner and accepted the plea. In October, 2015, the court, in accordance with the plea agreement, sentenced the petitioner to serve a term of incarceration of thirty-two years.

On November 2, 2018, the petitioner, as a self-represented litigant, filed a petition for a writ of habeas corpus on a state supplied form. In his petition, he alleged that his conviction is illegal because he neither

---

[1] The petitioner also claims that, in connection with its dismissal of his petition for a writ of habeas corpus, the court improperly concluded that the claims raised in the petition were frivolous as a matter of law. In light of our disposition of the other claims raised on appeal, we need not reach the merits of this claim.

committed nor pleaded guilty to any of the underlying felonies that are necessary to support a conviction for felony murder, his trial attorney did not properly advise him of the essential elements of felony murder, and his sentence was imposed in violation of his right to due process as guaranteed by the fourteenth amendment to the United States constitution. The petitioner also alleged that his incarceration is illegal because his conviction is null and void in light of the fact that he neither committed nor pleaded guilty to any of the underlying felonies that are necessary to support a conviction for felony murder. By way of relief, the petitioner sought a release from custody.

Thereafter, the court granted the petitioner's request for appointment of counsel and his application for waiver of fees. On November 8, 2018, the court issued an initial scheduling order. On August 27, 2019, the petitioner, then represented by counsel, agreed to a scheduling order, approved by the court, *Newson, J.*, that afforded the petitioner an opportunity to file an amended petition by May 30, 2022, and required that a certificate of closed pleadings be filed no later than August 8, 2022. In its order, the court also stated that the case shall be claimed to the trial list.

On May 26, 2022, the petitioner, through counsel, filed a motion to modify the scheduling order of August 27, 2019. The respondent, the Commissioner of Correction, consented to the granting of the motion. The modified scheduling order, which the court, *Oliver, J.*, granted on May 31, 2022, afforded the petitioner the opportunity to file an amended petition by June 30, 2022, and required that a certificate of closed pleadings be filed no later than September 9, 2022.

On June 29, 2022, the petitioner, through counsel, filed a motion to modify the scheduling order of May 31, 2022. The respondent consented to the granting of

the motion. The modified scheduling order, which the court, *Oliver*, *J.*, granted on July 5, 2022, afforded the petitioner the opportunity to file an amended petition by July 29, 2022, and required that a certificate of closed pleadings be filed no later than October 13, 2022.

The petitioner did not file an amended petition. On July 25, 2022, the petitioner's court-appointed counsel filed under seal a motion to withdraw as the petitioner's court-appointed counsel along with a brief submitted to the court pursuant to *Anders* v. *California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).[2] On April 27, 2023, the court, *Newson*, *J.*, issued a memorandum of decision in which it concluded that there were no nonfrivolous issues to be tried and granted the motion

[2] "In *Anders*, the United States Supreme Court determined that, in order to effectuate and safeguard an indigent defendant's constitutional right to the effective assistance of counsel, counsel [who] finds his case [on appeal] to be wholly frivolous, after a conscientious examination of it . . . should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished [to] the indigent [defendant] and time allowed [for] him to raise any points that he chooses; the court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned . . . ." (Internal quotation marks omitted.) *State* v. *Francis*, 322 Conn. 247, 256–57, 140 A.3d 927 (2016).

"From one vantage point, *Anders* attempted to resolve the conflicting professional duties facing appointed counsel, who is bound to advocate zealously for the interests of the indigent client but who is simultaneously prohibited from presenting frivolous arguments on appeal. From the standpoint of the client, *Anders* serves a range of purposes when appointed counsel can find no potentially meritorious grounds for appeal and seeks to withdraw. . . . The *Anders* procedure (1) ensures that counsel has, in fact, diligently reviewed the record for potential errors, (2) provides a possible appellate road map for the client should he or she choose to proceed on a self-represented basis, and (3) may lead counsel, through the process of researching and drafting, to conclude that the client's appeal is not without merit after all. In addition, submission of the brief facilitates and potentially expedites the independent judicial review that *Anders* requires." (Citation omitted.) *In re Taijha H.-B.*, 333 Conn. 297, 329, 216 A.3d 601 (2019).

to withdraw. The court noted that, if the petitioner wanted to pursue the habeas petition, he had the right to retain counsel or to represent himself at the habeas trial. On June 2, 2023, the petitioner filed an appearance as a self-represented litigant.

On June 7, 2023, the court, *Newson, J.*, issued an order of hearing in which it first observed that "the petitioner has filed an appearance indicating a desire to continue litigation of the matters alleged within the petition." The court then ordered an evidentiary hearing to be held to address whether, in light of its findings made in connection with the motion to withdraw, it should dismiss the petition under Practice Book § 23-29 (2)[3] because it fails to state a claim upon which relief may be granted or under Practice Book § 23-29 (5)[4] because a legally sufficient ground for dismissal of the petition exists, namely, (1) it has been judicially determined that the claims presented are wholly frivolous and that there are no additional nonfrivolous claims to present pursuant to Practice Book § 23-24 (a) (2),[5] (2) there is no genuine issue of material fact between the parties requiring a trial pursuant to Practice Book § 23-37,[6] and (3) on the basis of the evidence and exhibits

---

[3] Practice Book § 23-29 provides: "The judicial authority may, at any time, upon its own motion or upon the motion of the respondent, dismiss the petition, or any count thereof, if it determines that . . . (2) the petition, or a count thereof, fails to state a claim upon which habeas corpus relief can be granted . . . ."

[4] Practice Book § 23-29 provides: "The judicial authority may, at any time, upon its own motion or upon motion of the respondent, dismiss the petition, or any count thereof, if it determines that . . . (5) any other legally sufficient ground for dismissal of the petition exists."

[5] Practice Book § 23-24 (a) provides: "The judicial authority shall promptly review any petition for a writ of habeas corpus to determine whether the writ should issue. The judicial authority shall issue the writ unless it appears that . . . (2) the petition is wholly frivolous on its face . . . ."

[6] Practice Book § 23-37 provides: "At any time after the pleadings are closed, any party may move for summary judgment, which shall be rendered if the pleadings, affidavits and any other evidence submitted show that there is no genuine issue of material fact between the parties requiring a trial and the moving party is entitled to judgment as a matter of law."

submitted, there is no "good cause" for a trial on this matter pursuant to § 52-470 (b) (1).[7] The court stated that, at the hearing, the parties would "have the opportunity to present any *new evidence or information not previously argued to or considered by this court* in granting the motion to withdraw in support of any contention that the matter should not be dismissed." (Emphasis in original.)

On June 30, 2023, the court held an evidentiary hearing pursuant to the court's order of June 7, 2023. The petitioner, as a self-represented party, and counsel for the respondent appeared at the hearing. At the outset, the court noted that "[t]he question the court raised in its motion is, why shouldn't the habeas [petition] be dismissed as opposed to allowing a case [to proceed] where there has been a legal determination that any claims that could be brought would be frivolous? The court has raised the issue of why the petition should not be dismissed." The court noted that the purpose of the hearing was not to relitigate the matters that were raised and considered in the motion to withdraw and the accompanying *Anders* brief, but that the petitioner nonetheless had the opportunity "to offer the court anything that has not already been considered by the court . . . as to why the court shouldn't dismiss the petition."

At the evidentiary hearing, the petitioner offered arguments in connection with a claim that was not alleged in his petition. Specifically, the petitioner represented that, at the time of his plea, he believed that he had a pending offer of thirty-two years of incarceration suspended after nineteen years, not an offer of thirty-two years to serve. The petitioner argued that his attorney was ineffective for failing to bring to the court's

_____

[7] General Statutes § 52-470 (b) (1) provides: "After the close of all pleadings in a habeas corpus proceeding, the court, upon the motion of any party or, on its own motion upon notice to the parties, shall determine whether there is good cause for trial for all or part of the petition."

attention the fact that the prosecutor had mischaracterized the state's offer before the trial court. The petitioner further represented that, despite the characterization of the offer during the proceedings before the trial court, he agreed to the offer because his attorney told him to do so. The petitioner acknowledged that, at the time that he filed his petition, he did not raise this claim. He said that he had decided to focus on the claims raised in his petition because he believed that those claims would be more advantageous to him, but that he now wanted to raise a different claim and amend his petition.

On August 25, 2023, the court issued a memorandum of decision on what it captioned as a "court motion to dismiss pursuant to Practice Book § 23-29." Therein, the court stated that, "[a]t the hearing on the motion to dismiss, the petitioner provided nothing new for this court to consider. He reiterated the substance of claims which were addressed thoroughly in the *Anders* motion by prior counsel and found to be frivolous by the court upon reviewing the record, such as a claim that he did not understand that he was pleading to a 'flat' thirty-two year sentence but believed he was accepting a split sentence that, according to the petitioner's claim, would have been facially illegal because it would have required less prison time than the minimum mandatory sentence required by law. The petitioner's claim was also directly refuted by the plea and sentencing transcripts. In the end, the petitioner failed to present any new evidence, arguments or claims during the motion to dismiss that had not been considered by counsel and the court already within the *Anders* motion."[8] (Footnote omitted.)

The court also stated that, "[t]he question that must now be answered is, where an *Anders* motion has been

_____

[8] We understand the court's reference to a "claim" based on the petitioner's alleged lack of understanding, at the time of his plea or sentencing, that he was to be sentenced to a flat thirty-two year term of incarceration, rather

granted—where there has been a judicial determination . . . that the only remaining claims a petitioner could bring to challenge his/her convictions would be frivolous after review of the record, the evidence, and considering all possible claims that could be raised—and the petitioner is unable to present any new evidence or nonfrivolous claims to proceed on, should the petitioner be allowed to proceed to trial and maintain frivolous litigation? This court answers that question in the negative.''

In dismissing the petition, the court invoked Practice Book § 23-29 (5), which permits dismissal at any time if ''any . . . legally sufficient ground for dismissal of the petition exists,'' on the ground that, in light of its granting of the motion to withdraw, the petitioner was unable to demonstrate good cause to proceed to trial under § 52-470 (b) (1). In relying on § 52-470 (b) (1) as the legal basis for its dismissal, the court first set forth the language of the statute. Second, it stated that a certificate of closed pleadings, ''which is mandatory before a court engages in consideration of whether there is 'good cause' to proceed to trial under § 52-470 (b),'' had been filed in this case on August 27, 2019. Third, the court analyzed the issue of good cause for trial, the touchstone of an analysis under § 52-470 (b). The court determined that, ''[d]espite being provided two opportunities, first in the context of any objection he had to the *Anders* motion, and now in this hearing, the petitioner has been unable to present any additional facts or evidence that would support a finding that there is 'good cause' to proceed to trial. Again, the granting of the *Anders* [motion] represents a judicial determination that, after a thorough review of the record, claims specifically raised by the petitioner, and other claims that

---

than a split sentence, to be a reference to a potential claim that was raised in the *Anders* brief filed in this case. In his petition for a writ of habeas corpus, the petitioner did not allege a claim of this nature. At the hearing on the motion to dismiss, the petitioner discussed this issue as a potential

may be supported independently by the record or investigation, there were no claims that could be brought that would not be frivolous. Said another way, counsel found no claims in the record or after independent investigation that could be pursued in 'good faith.' "[9] Thus, the court concluded that, in connection with both the *Anders* motion and the present hearing, the petitioner had failed to demonstrate that any of the claims he wanted to litigate "would amount to anything more than the use of precious judicial resources for a self-represented individual to have the opportunity to air frivolous grievances unsupported by any credible evidence or claims that warrant being tried." On the basis of the foregoing, the court dismissed the petition.[10]

Subsequently, the petitioner filed a petition for certification to appeal, which the court denied.[11] This appeal followed.[12]

---

ground for his habeas action, noting that it is a claim that he would like to raise in an amended petition.

[9] In its discussion of Practice Book § 23-29 (5), the court also observed that, even though it lacked the authority to raise sua sponte a motion for summary judgment; see Practice Book § 23-37; the respondent would be entitled to judgment in his favor as a matter of law because the petitioner is unable to demonstrate that a genuine issue of material fact exists that would support a legally cognizable habeas claim. We do not view the court's brief discussion in this regard, however, to amount to an independent ground on which the court's dismissal rests. Indeed, the court stated that its discussion of summary judgment was "just another way to analyze that there is no 'good cause' for the petitioner's claims to proceed to trial."

[10] The petitioner does not claim that it was improper for the same judge to have dismissed the petition and granted the motion to withdraw. Accordingly, we do not consider whether the procedure that was followed in this case was appropriate.

[11] The petitioner filed his handwritten petition for certification to appeal as a self-represented litigant. The petitioner challenged the court's judgment of August 25, 2023, and, consistent with his arguments at the hearing on the motion to dismiss, argued that his trial counsel had rendered ineffective assistance by failing to adequately communicate to him the fact that the court could impose a "flat" sentence of thirty-two years of incarceration. In his application for waiver of fees, costs and expenses and appointment of counsel on appeal, the petitioner stated that he "[had] evidence that there was a[n] offer of suspended time . . . ."

[12] Although, as noted previously in this opinion, the petitioner appeared before the habeas court at times as a self-represented litigant, the court

## I

First, we address the petitioner's claim that the court erred in denying his petition for certification to appeal. We agree with the petitioner.

Section 52-470 (g) provides: "No appeal from the judgment rendered in a habeas corpus proceeding brought by or on behalf of a person who has been convicted of a crime in order to obtain such person's release may be taken unless the appellant, within ten days after the case is decided, petitions the judge before whom the case was tried or, if such judge is unavailable, a judge of the Superior Court designated by the Chief Court Administrator, to certify that a question is involved in the decision which ought to be reviewed by the court having jurisdiction and the judge so certifies."

It is well settled that, "[f]aced with the habeas court's denial of certification to appeal, a petitioner's first burden is to demonstrate that the habeas court's ruling constituted an abuse of discretion. . . . A petitioner may establish an abuse of discretion by demonstrating that the issues are debatable among jurists of reason . . . [a] court could resolve the issues [in a different manner] . . . or . . . the questions are adequate to deserve encouragement to proceed further. . . . The required determination may be made on the basis of the record before the habeas court and applicable legal principles. . . . If the petitioner succeeds in surmounting that hurdle, the petitioner must then demonstrate that the judgment of the habeas court should be reversed on its merits. . . .

"In determining whether the habeas court abused its discretion in denying the petitioner's request for certification, we necessarily must consider the merits of

granted the petitioner's application for appointment of counsel and waiver of fees on appeal. Thus, the petitioner is represented by counsel in connection with the present appeal.

the petitioner's underlying [claim] to determine whether the habeas court reasonably determined that the petitioner's appeal was frivolous. In other words, we review the petitioner's substantive [claim] for the purpose of ascertaining whether [that claim satisfies] one or more of the three criteria . . . adopted by [our Supreme Court] for determining the propriety of the habeas court's denial of the petition for certification." (Citations omitted; internal quotation marks omitted.) *Ayuso* v. *Commissioner of Correction*, 215 Conn. App. 322, 332, 282 A.3d 983, cert. denied, 345 Conn. 967, 285 A.3d 736 (2022).

For the reasons set forth in part II of this opinion, we agree with the petitioner that the issue of whether the court properly considered the issue of good cause under § 52-470 (b) before the pleadings were closed is debatable among jurists of reason, a court could resolve the issue in a different manner, and the question is adequate to deserve encouragement to proceed further.[13] Accordingly, we conclude that the court abused its discretion in denying the petition for certification to appeal.

II

Next, we consider the petitioner's claim that the court erred in raising the issue of good cause under § 52-470 (b) before the pleadings were closed. We agree with the petitioner.

Before considering the merits of this claim, we must address the respondent's contention that the claim is unreviewable not only because the court properly

_____

[13] The petitioner devotes a portion of his argument to his belief that "it would be an abuse of discretion for the habeas court to have denied the petition for certification [to appeal] because it was filed late." We agree with the respondent that the record is devoid of any indication that the court denied the petition on this ground. Accordingly, we need not consider untimeliness as a ground for the court's ruling.

declined to grant certification to appeal, but because the petitioner did not preserve the claim in the habeas court and he is not entitled to extraordinary review of the claim. In part I of this opinion, we considered and rejected the former argument, concluding that the claim as to the court's misapplication of § 52-470 (b) (1) is not frivolous. With respect to the latter argument, we note that the petitioner argues that the issue of whether it was appropriate for the court to have relied on § 52-470 (b) (1) is properly before this court because "it was raised and considered sua sponte by the habeas court." Alternatively, the petitioner argues that he is entitled to review of the claim under the bypass rule set forth in *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989), as modified by *In re Yasiel R.*, 317 Conn. 773, 781, 120 A.3d 1188 (2015), the plain error doctrine codified in Practice Book § 60-5, or in the exercise of this court's supervisory authority over the administration of justice.

The record reflects that the habeas court provided the parties with notice of its intent to dismiss the petition. In its notice of hearing, the court specifically questioned whether there was a legally sufficient ground to dismiss the petition in that there was no good cause for a trial pursuant to § 52-470 (b) (1). The petitioner, in a self-represented capacity, appeared at the hearing and argued against dismissing the petition on the ground that he believed he could present one or more nonfrivolous claims at trial, specifically, a claim that his trial counsel rendered ineffective assistance in connection with his decision to plead guilty. Following the issuance of the court's written decision, in which it relied on § 52-470 (b) (1) in dismissing the petition, it is not at all clear that the petitioner needed to take any further steps to preserve the present claim for appellate review. This court has not required appellants, following an

adverse decision, to file a motion seeking either reconsideration or reargument to preserve claims related to the grounds on which a lower court unambiguously has relied in a memorandum of decision. See, e.g., *Moye* v. *Commissioner of Correction*, 168 Conn. App. 207, 227, 145 A.3d 362 (2016), cert. denied, 324 Conn. 905, 153 A.3d 653 (2017). Accordingly, we conclude that the claim is reviewable without the need to resort to an extraordinary level of review.[14]

"The conclusions reached by the [habeas] court in its decision to dismiss [a] habeas petition are matters of law, subject to plenary review. . . . [When] the legal conclusions of the court are challenged, [the reviewing court] must determine whether they are legally and logically correct . . . and whether they find support in the facts that appear in the record. . . . To the extent that factual findings are challenged, this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous . . . ." (Citation omitted; internal quotation marks omitted.) *Rice* v.

---

[14] Even if we were to determine that the claim was not preserved, it would nonetheless be reviewable under *Golding*. See *Banks* v. *Commissioner of Correction*, 347 Conn. 335, 350–51, 297 A.3d 541 (2023) (describing limited circumstances under which reviewing court may consider unpreserved claims under *Golding* following habeas court's denial of petition for certification to appeal). "Pursuant to *Golding*, a [defendant] can prevail on a claim of constitutional error not preserved at trial only if *all* of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation . . . exists and . . . deprived the [defendant] of a fair trial; and (4) if subject to harmless error analysis, the [state] has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt. . . . The first two steps in the *Golding* analysis address the reviewability of the claim, [whereas] the last two steps involve the merits of the claim." (Emphasis in original; internal quotation marks omitted.) *In re Gabriella M.*, 221 Conn. App. 827, 836, 303 A.3d 319, cert. denied, 348 Conn. 925, 304 A.3d 443 (2023). The record is adequate to review the alleged claim of error, and the petitioner has alleged a colorable claim of the violation of a constitutional right due to the actions of the habeas court. As the petitioner asserts, the claim implicates his "state and federal constitutional rights to due process, habeas corpus, and access to the courts."

*Commissioner of Correction*, 204 Conn. App. 513, 518, 251 A.3d 1009, cert. denied, 337 Conn. 906, 252 A.3d 365 (2021). Here, there are no disputed factual findings. Rather, the issue is one of law, namely, whether the court properly considered good cause under § 52-470 (b) (1) at the time that it did. The court unambiguously relied on § 52-470 (b) (1), which provides: "*After the close of all pleadings in a habeas corpus proceeding*, the court, upon the motion of any party or, on its own motion upon notice to the parties, shall determine whether there is good cause for trial for all or part of the petition."[15] (Emphasis added.) We need not undertake a statutory analysis of § 52-470 (b) (1), for our Supreme Court has squarely addressed its meaning: "That subsection authorizes the habeas court to render a 'summary dismissal without a trial' of all or part of a habeas petition if the court determines, either on motion by a party or sua sponte, that there is no good cause for trial. . . . In order to establish 'good cause for trial,' the petitioner must 'allege the existence of specific facts which, if proven, would entitle the petitioner to relief under applicable law . . . .' General Statutes § 52-470 (b) (3). Section 52-470 (b) (1) expressly requires that

---

[15] The respondent argues that the petitioner incorrectly focuses his argument on the court's discussion of § 52-470 (b) (1) and that the court actually dismissed the petition under Practice Book § 23-29 (2) and (5) "on the ground that it failed to state a claim upon which relief could be granted and no other nonfrivolous claims existed." We do not interpret the court's decision in a similar manner. Although, as we have stated previously in this opinion, the court referred to Practice Book § 23-29, both in the caption of its decision and several times in its analysis, it is clear that the legal reason for its dismissal was its application of § 52-470 (b) (1) to the facts of this case. The court did not conclude under Practice Book § 23-29 (2) that the petitioner failed to state a legally cognizable claim. To the contrary, the court stated that, "while the allegations [in the petition] technically read as some legally cognizable habeas claims, the substantive evidence and exhibits required to prove those claims [have] been determined to be nonexistent." Second, the court, mirroring the language of Practice Book § 23-29 (5), stated in its decision that a habeas court may dismiss a petition if "any other legally sufficient ground" exists to do so. It then relied exclusively on its analysis of good cause under § 52-470 (b) (1).

the habeas court's 'good cause for trial' determination be made '[a]fter the close of all pleadings' in the proceeding. The plain language of the statute, accordingly, makes clear that prior to the close of all pleadings, a habeas court would lack discretion to take action on a respondent's motion—or to act sua sponte—to issue an order to show good cause for trial pursuant to § 52-470 (b) (1).

"This constraint on the court's discretion is consistent with the nature of the court's inquiry. In order to determine whether there is good cause for trial, the court must by necessity wade—albeit in a preliminary manner—into the merits of the petition. The determination of whether good cause exists turns on the ultimate question of whether the petitioner would be entitled to relief under applicable law. As a practical matter, because that inquiry is a substantive one, the question would be premature prior to the close of all pleadings. Addressing the question of whether good cause for trial exists on the basis of incomplete information would, in turn, be inconsistent with the requirement of § 52-470 (a) that the court 'dispose of the case as law and justice require.' " (Citation omitted.) *Kelsey* v. *Commissioner of Correction*, 329 Conn. 711, 717–18, 189 A.3d 578 (2018).

In the present case, it appears as though the habeas court correctly recognized this limitation on its authority to dismiss the petition pursuant to § 52-470 (b), for the court noted that it was *mandatory* for a certificate of closed pleadings to be filed before it could consider the issue of good cause. It also appears, however, that the court misinterpreted the procedural posture of the case. The court, referring to docket entry #105.00 on the case detail sheet, stated that a certificate of closed pleadings had been filed in this case. As the parties correctly recognize, however, a certificate of closed pleadings was not filed in this case. Docket entry

#105.00 on the case detail sheet, dated August 27, 2019, appears as "Certificate of Closed Pleadings and Claim for Trial List." The petitioner speculates that this "ambiguously labeled docket entry" led the court to the mistaken belief that the pleadings had been closed. The respondent speculates that this entry "seems to be a clerical error because both this entry and the scheduling order . . . were filed simultaneously on August 27, 2019." (Citation omitted.)

Regardless of the cause, the court mistakenly believed that a certificate of closed pleadings had been filed in this case. Despite the court's error in this regard, the respondent argues that the dismissal nonetheless was appropriate because "the habeas court reasonably could not have permitted the petitioner to proceed with a patently defective claim in the absence of any legally sufficient ground after appointed counsel moved for leave to withdraw from the case on the basis that no nonfrivolous issues existed. . . . Once the habeas court granted the *Anders* motion and appointed counsel withdrew, it defies reason and logic that the habeas court should have required the [respondent] to file a return to the petitioner's pro se petition . . . prior to scheduling a hearing in the matter. This would contravene the goal of conserving judicial resources by failing to avert frivolous habeas petitions." (Citation omitted; footnote omitted.)

Our Supreme Court's interpretation of § 52-470 (b) (1) in *Kelsey* controls our disposition of this issue. On the basis of our plenary review and pursuant to *Kelsey*'s requirement that the determination of whether good cause exists may occur only after the close of pleadings, we conclude that the petitioner's due process right to a fair trial was violated when the court considered the issue of good cause prior to the close of the pleadings and while the petitioner still had an opportunity to amend his petition for a writ of habeas corpus. Indeed,

after the court granted the motion to withdraw in this case, the petitioner availed himself of the opportunity to appear as a self-represented litigant. The proper remedy is to remand the case to the habeas court with direction to set aside the judgment of dismissal and for further proceedings according to law.

The judgment is reversed and the case is remanded for further proceedings in accordance with this opinion.

In this opinion the other judges concurred.